# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LYONS INSURANCE AGENCY,
INC.,

       Plaintiff,

       v.

ROGER KIRTLEY, and
THE SAFEGARD GROUP, INC.,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N18C-09-040 CLS

Date Submitted: December 6, 2018
Date Decided: March 18, 2019

On Defendant's Motion to Dismiss Counts III, IV, and V, and Plaintiff's Partial
Motion for Judgment on the Pleadings.
**DENIED.**

Michael P. Kelly, Esquire, Andrew S. Dupre, Esquire, and Janine L. Faben,
Esquire, McCarter & English, LLP, 405 North King Street, 8th Floor, Wilmington,
Delaware, 19801. Attorneys for Plaintiff Lyons Insurance Agency, Inc.

Oderah C. Nwaeze, Esquire, and Mackenzie M. Wrobel, Esquire, Duane Morris
LLP, 222 Delaware Avenue, Suite 1600, Wilmington, Delaware, 19801. Attorneys
for Defendants Roger Kirtley and The Safegard Group, Inc.

**Scott, J.**

## Background

This case presents a familiar trope often heard in Delaware Courts; that of the former employee moving onto greener pastures, taking part of the business with him. Defendant Roger Kirtley was employed as an insurance producer and risk advisor by Plaintiff, Lyons Insurance Agency, Inc. (Lyons), from 2004 until 2018. The nature of Kirtley's work was as a sales agent for the Agency. In 2018, Kirtley left Lyons for a different insurance broker, The Safegard Group, Inc. (Safegard).

While employed at Lyons, Kirtley signed an Employment Agreement. Pertinent to this action are the Agreement's provisions concerning confidential information, post termination obligations, and the incorporation of the company's Employee Manual.

The confidential information provision seeks to prevent employees from sharing Lyons's confidential information from disclosure and/or unauthorized use. The post termination provision contains a buy-out option in the event an employee decides to continue working in the insurance industry. The provision states:

> "following termination of employment from [Lyons] for any reason whatsoever, and for a period of two years thereafter, should Employee accept employment with another broker . . . and that act of employment . . . results in the movement of an account, that was generated by Employee, from Company to another broker, then Employee shall pay to Company an amount equal to Ninety Percent (90%) of the current "Book of Business Value."

Sometime after Kirtley's departure from Lyons, a number of Lyons's insurance clients ended their brokerage relationship with Lyons, and moved to Safegard. The circumstances surrounding these "moved clients" are the basis for Counts I through IV of Lyons's Complaint.

## Parties Assertions

Defendants Kirtley and Safegard filed a Motion to Dismiss Counts III through V of the Complaint. These claims are Count III: Unjust Enrichment against Kirtley and Safegard, Count IV: Tortious Interference against Safegard, and Count V: Breach of Contract as to Advances against Kirtley.

With respect to Count III, Kirtley takes the position that Unjust Enrichment cannot be pleaded in the alternative to breach of contract where a contract controls the relationship of the parties. Kirtley argues the Employment Agreement addresses the harm alleged in the Complaint, therefore a claim for unjust enrichment cannot be sustained against him. Defendants also take the position that the unjust enrichment claim against Safegard is an impermissible attempt to recover contract damages from a non-party to the contract.

Lyons argues Count III is correctly pleaded as an alternative theory of recovery to the Breach of Contract claim against Kirtley in Count I. Lyons alleges Defendants misused Lyons's confidential information in courting the moved clients

in addition to the claim Kirtley breached the Employment Agreement by failing to pay the 90% buy-out fee.

With regard to Count IV, Safegard argues Lyons has failed to meet the pleading requirement to sustain a claim for tortious interference. Safegard states Plaintiff has not provided factual support for the claim that Safegard's conduct was improper or wrongful, and therefore the claim must be dismissed. Lyons contends the pleading standard suggested by Safegard applies to claims for fraud and negligence, and is therefore inapplicable to this case.

Counts V and VI relate to advances paid to Kirtley while still employed by Lyons. Lyons alleges that under an implied and/or oral contract it paid Kirtley advances against anticipated future commissions and revenues. Lyons claims Kirtley has failed to repay these advances, in breach of the parties' contract, or in the alternative, Kirtley has been unjustly enriched by failing to repay these advances. Defendants argue there is no express contractual agreement concerning the repayment of advances, and absent such language Lyons cannot sustain a breach of contract claim for their repayment.

**Standard of Review**

The test for sufficiency of a complaint challenged by a Rule 12(b)(6) motion to dismiss is whether a plaintiff may recover under any reasonably conceivable set

4

of circumstances susceptible of proof under the complaint.[1]  In making its determination, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in favor of the non-moving party.[2] The complaint must be without merit as a matter of fact or law to be dismissed.[3] Therefore, if the plaintiff may recover under that standard of review, the Court must deny the Motion.[4]

## Discussion

Unjust enrichment is "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience."[5] If the relationship between the parties is comprehensively governed by contract, the contract alone must provide the measure of the plaintiff's rights, and a claim for unjust enrichment will be denied.[6] Unjust enrichment may be pleaded as an alternative theory of recovery to a breach of

[1] *Spence v. Funk,* 396 A.2d 967, 968 (1978); *see Cambium Ltd. v. Trilantic Capital Partners III L.P.*, 2012 WL 172844, at *1 (Del. 2012)(citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 537 (Del. 2011)).
[2] *Ramunno v. Cawley,* 705 A.2d 1029, 1034-36 (Del. 1998); *Nix v. Sawyer,* 466 A.2d 407, 410 (Del. Super. Ct. 1983).
[3] *Diamond State Tel. Co. v. University of Delaware,* 269 A.2d 52 (Del. 1970).
[4] *Spence,* 396 A.2d at 968.
[5] *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010) (Quoting *Fleer Corp. v. Topps Chewing Gum, Inc.*, 539 A.2d 1060, 1062 (Del. 1988)).
[6] *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010) (Quoting *BAE Sys. Info. & Elec. Sys. Integration, Inc. v. Lockheed Martin Corp.*, 2009 WL 264088, at *8 (Del. Ch. 2009).

contract claim, but the right to do so "does not obviate the obligation to provide factual support for each theory" independently.[7]

Lyons's Complaint states they suffered financial harm as a result of Kirtley's failure to pay the buy-out fee for the moved clients as set forth in the Employment Agreement. The Answer admits Kirtley signed the Employment Agreement, but denies the validity and enforceability of the Agreement.[8] Kirtley admits he developed a book of business in the course of his employment with Lyons[9], while simultaneously claiming that "book of business"[10] is an undefined term in the Employment Agreement.[11]

Dismissal is only appropriate when it is certain there is no set of facts which could be proved to support the claim asserted. Until it is clear the Agreement is valid and enforceable as the exclusive measure of the plaintiff's rights, there are material facts in issue, and dismissal at this stage is premature. Therefore, the Motion to Dismiss the Unjust Enrichment claim against Defendant Kirtley is **Denied**

Safegard cites *MetCap* for the principal that to sustain a claim for unjust enrichment, there must be a direct relationship between the parties to prevent a

---

[7] *BAE Sys. Info. & Elec. Sys. Integration, Inc. v. Lockheed Martin Corp.*, 2009 WL 264088, at *8 (Del. Ch. 2009).
[8] Answ. at 6, 21.
[9] Answ. at 7.
[10] Is there really an argument that the meaning of this term is unclear?
[11] Answ. at 11.

litigant from circumventing basic contract principals in an attempt to hold a nonparty liable for contract damages.

However, if a nonparty to a contract knowingly facilitates prohibited activities, a claim for unjust enrichment may survive a motion to dismiss. In *Fitzgerald v. Cantor*, the Court determined that the relationship element necessary for unjust enrichment is a simple relationship between the plaintiff's impoverishment and defendants' enrichment. *Fitzgerald* involved individual Limited Partners of the Plaintiff Limited Partnership, whose actions were alleged to be in breach of their fiduciary duties. The Limited Partners controlled a separate enterprise which developed competing software for a direct competitor of the Plaintiff. While the Limited Partnership Agreement governed the relationship between the Limited Partners and Plaintiff, the Court refused to dismiss unjust enrichment claims against parties where no contract governed their relationship. For purposes of the motion to dismiss, the Court accepted as true the claim that neither the direct competitor, nor the development enterprise could retain any benefit resulting from the success of the software justifiably, because the competitor knew that the developers were prohibited from producing a product that would compete with Plaintiff's core business.[12]

---

[12] *Fitzgerald v. Cantor*, 1998 WL 326686, at *7 (Del. Ch. 1998) (internal quotations omitted).

Accepting Lyons's claims as true, Safegard has been enriched due to their actions, and Lyons has been impoverished. Additionally, Plaintiff alleges Kirtley used Lyons's confidential information for Safegard's benefit, and that Safegard knew that Kirtley was prohibited from using that information. It is reasonably conceivable at this stage that Safegard's enrichment is not justified and against the fundamental principles of justice or equity and good conscience. Therefore, the Motion to Dismiss the Unjust Enrichment claim against Safegard is **Denied**.

Count IV of the Complaint claims Tortious Interference with contract and Prospective Economic Relations against Safegard. In their Motion to Dismiss, Safegard correctly points out that these are two similar, but not identical causes of action. In order to sustain a claim for tortious interference with a contract, there must be 1) a contract, 2) about which defendant knew and 3) an intentional act that is a significant factor in causing the breach of such contract 4) without justification 5) which causes injury.[13] Interference with prospective business relations requires 1) a reasonable probability of a business opportunity, 2) intentional interference by a defendant with that opportunity, 3) proximate causation, and 4) damages.[14] The primary differences between the claims are the existence of a contract, and that tortious interference with prospective business relations must be considered in light

---

[13] *Triton Const. Co., Inc. v. Eastern Shore Elec. Services, Inc.*, 2009 WL 1387115, at *17 (Del. Ch. 2009) (internal quotations omitted).
[14] Id.

of a defendant's privilege to compete or protect his business interests in a fair and lawful manner.[15]

As to Lyons's claim Safegard interfered with the Employment Agreement, the focus is on whether Safegard wrongfully induced Kirtley to breach the Agreement.[16] Similarly, the focus of the Interference with Economic Relations claim is whether or not Safegard and Kirtley leveraged confidential information in courting the moved clients. For both claims, the claimant alleging tortious interference bears the burden of proving improper interference carried out by the Defendant.[17] Whether they have met that burden is typically a question of fact for the fact finder.[18] However, to survive a Motion to Dismiss Plaintiff must only demonstrate there is a reasonably conceivable set of circumstances which would permit recovery.[19]

Whether or not Safegard intentionally induced Kirtley to breach his Employment Agreement, is a material issue of fact. The same is true with regard to whether or not Defendants leveraged confidential information in courting the moved clients. Citing *Jadczak v. Assurant, Inc.*, Defendants argue allegations based on "information and belief" are vague and conclusory, and therefore insufficient to give

---

[15] *Id.*

[16] See *ASDI, Inc. v. Beard Research, Inc.*, 11 A.3d 749, 751 (Del. 2010).

[17] *World Energy Ventures, LLC v. Northwind Gulf Coast LLC*, 2015 WL 6772638, *8 (Del. Super. Ct. 2015).

[18] *Id.* (citing *Lipson v. Anesthesia Servs., P.A.*, 790 A.2d 1261, 1286 (Del.Super.2001)).

[19] *Spence v. Funk*. At 968.

9

rise to a claim.[20] This proposition relates to a claim for negligence, which invokes a more rigorous pleading standard.

This Court's rules require fraud, negligence or mistake to be pleaded with particularity.[21] Malice, intent, knowledge and other condition of mind need only be averred generally.[22] The allegations as set forth in the Complaint are sufficient to put Defendants on notice that their actions related to the moved clients are the basis for Lyons's Tortious Interference claims, and it is reasonably conceivable that such actions may entitle Lyons to recover for those actions. Therefore, Safegard's Motion to Dismiss the Tortious Interference claims in Count IV is **Denied.**

Kirtley relies on the Supreme Court's decision in *Casey Employment Servs., Inc. v. Dali*, to suggest Lyons's breach of contract claim as to advances paid to Kirtley must be dismissed. The *Casey* decision however, stands for the notion that if the express language of the contract calls for repayment of such payments, then the terms are enforceable.[23] Lyons asserts the advances paid to Kirtley are addressed by language contained in the Employment Agreement. If true, Lyons may be able to recover under a theory of breach of contract. Therefore, Kirtley's Motion to Dismiss Count V is **Denied**.

---

[20] *Jadczak v. Assurant, Inc.*, 2010 WL 445607, at *1 (Del Super. Ct. 2010).
[21] Super Ct. Civ. R. 9 (b).
[22] Super Ct. Civ. R. 9 (b).
[23] Casey Employment Servs., Inc. v. Dali, 634 A.2d 938 (Del. 1993).

## Lyons's Motion for Partial Judgment on the Pleadings

On a Motion for Judgment on the Pleadings under Superior Court Civil Rule 12 (c) the Court must accept all the complaint's well-pled facts as true and construe all reasonable inferences in favor of the non-moving party.[24] The motion will be granted when no material issues of fact exist, and the moving party is entitled to judgment as a matter of law.[25]

It is undisputed Kirtley signed the Employment Agreement in the course of his employment with Lyons.  However, Kirtley disputes the obligations imposed by that Agreement.  Additionally, it is uncertain what confidential information, if any, was compromised, and whether or not that information is, in fact, confidential.[26] Therefore, Plaintiff's Motion for Partial Judgment on the Pleadings is **Denied**.

For the foregoing reasons, Defendants' Motion to Dismiss, and Plaintiff's Motion for Partial Judgment on the Pleadings are **DENIED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

---

[24] *Silver Lake Office Plaza, LLC v. Lanard & Axilbund, Inc.*, 2014 WL 595378, at *6 (Del. Super. Ct. Jan. 17, 2014).

[25] *Id*.

[26] See *Lyons Ins. Agency, Inc. v. Wilson*, 2018 WL 4677606, at *8 (Del. Ch. Sept. 28, 2018) Vice Chancellor Glasscock observed brokers' client lists are common knowledge in the industry, as distinguished from proposals, policies, and other similar, confidential information.